## Case No. 16,714.

### UNITED STATES v. WILLIAMS.

[5 Cranch, C. C. 400.] [1]

Circuit Court, District of Columbia. March Term, 1838.

MARSHAL OF DISTRICT OF COLUMBIA—ACTION ON BOND—FAILURE TO RETURN EXECUTION.

An action will not lie upon the official bond of the marshal of the District of Columbia for not returning an execution, unless he has been required by the rule of court to return it, and has failed so to do.

Debt on the official bond of the marshal of the District of Columbia. The declaration was in the usual form for the penalty of $20,000, with a profert of the bond, the condition of which, upon oyer, appeared to be, "that if the said Henry Ashton" (the marshal) "do and shall, by himself, and his deputies, well and faithfully perform and fulfil all the duties of the said office of marshal of the said District of Columbia, in pursuance of, and according to, the acts of congress in such case made and provided," then the obligation to be void, otherwise of full force and virtue in law; dated February 7, 1831.

The defendant [James Williams] pleaded general performance. The plaintiffs replied specially, setting forth, as breaches of the bond, that sundry executions, particularly described, being writs of fieri facias, issued in favor of the Chesapeake and Ohio Canal Company, against divers individuals, for divers sums of money; and averring as to each execution, that it "was delivered into the hands of the said Henry Ashton, as marshal aforesaid; that the said Henry Ashton ought to have made a true and lawful return thereto; but the plaintiffs aver he wholly neglected so to do, and that the said judgment is still wholly unsatisfied and unpaid to the said company, contrary to the form and effect of the said condition of the said writing obligatory." To this replication the defendant demurred generally.

Mr. Bradley, for defendant, contended that the marshal is not liable to an action upon his bond for not returning an execution, unless he has been ruled by the court to return it, and amerced for not returning it, according to the law of Maryland, 1794, c. 4, § 1, which is in force in this county. That the statute is not cumulative, but exclusive. It is the only mode of proceeding against the marshal; and if a rule is necessary to charge the marshal; a fortiori to charge the surety. The default of the marshal must be judicially ascertained, to justify an action upon his

bond. Wats. Sher. 63, 64, 82, 198, 203; 2 Inst. 452, Cheasley v. Barnes, 10 East. 73; Alldred v. Halliwell, 1 Starkie, 117; People v. Spraker, 18 Johns. 391.

R. J. Brent, contra. This question depends on the 27th section of the judiciary act of 1789. The oath of the marshal makes it his duty to make true returns of all lawful precepts to him directed; and the statute gives an action upon the bond for every breach of his duty. The act of Maryland, 1794, c. 54, is only applicable to the sheriffs of Maryland. 1 Com. Dig. (Am. Ed.) tit. "Action for Misfeasance," A, 2; Hinman v. Brees, 13 Johns. 531; Maccubbin v. Thornton, 1 Har. & McH. 194; Barton v. Webb, 8 Term R. 459; People v. Birdsall, 20 Johns. 298.

Mr. Bradley, in reply. No action will lie against the marshal for not making the money, nor for a false return, until the execution is returned; nor for not returning it until called on by the court to return it, and failing so to do, and his default entered upon the record. A fieri facias is not a returnable writ. Wats. Sher. 203; Moreland v. Leigh, 1 Starkie, 388.

[See Case No. 16,715.]

---

## Case No. 16,715.

### UNITED STATES v. WILLIAMS.

[5 Cranch, C. C. 619.] [1]

Circuit Court, District of Columbia. Nov. Term, 1839. [2]

MARSHAL OF DISTRICT OF COLUMBIA—ADVANCES OF MONEY—LIABILITY ON OFFICIAL BOND.

1. The president of the United States has authority to order advances of money to be made by the secretary of the treasury to the marshal of the District of Columbia; and such advances may be presumed to have been made under the special direction of the president; and the sureties of the marshal are liable therefor.

2. The marshal of the District of Columbia and his sureties are liable to account for all common-law fines and forfeitures received by the marshal, whether on execution or otherwise. But he is not liable upon his bond for executions not returned; nor, in this action, for escape of persons taken and in his custody on ca. sa., for fines, &c., whether prayed in commitment in execution or not.

Debt on the official bond of Henry Ashton, late marshal of the District of Columbia. [See Case No. 16,714.]

The breaches assigned were, first, for not accounting for the sum of $6,455.16, advanced to him as marshal; second, for not accounting for certain common-law fines

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Affirmed in 1 How. (42 U. S.) 290.]

and forfeitures received by him; third, for not executing certain writs of fi. fa. and ca. sa. put into his hands; fourth, that he suffered certain persons, taken and in his custody on ca. sa. for fines, &c., to escape.

R. S. Coxe, for defendant, contended that by the "Act concerning the disbursement of public money," 31st January, 1823, c. 9 (Pamph. p. 7), all advances of money are prohibited, except to "disbursing officers of the government," "under the special direction of the president of the United States;" and then only so much "as may be necessary to the faithful and prompt discharge of their respective duties, and to the fulfilment of the public engagements." That the marshal was not such a disbursing officer as is contemplated by the act. The only money he is to disburse is for the expense of holding the courts, &c., which, by the act of May 8, 1792, § 4 [1 Stat. 277], is to be paid to the marshal at the treasury, after having been examined and certified by one of the judges of the court, after which he is to "pay over" the same to the persons entitled thereto. That act does not contemplate any advance of money to the marshal. Besides, there is no evidence of any special direction of the president to make this advance. It was, therefore, money illegally advanced, and the sureties are not liable therefor.

Mr. Key, for the United States, contra, admits that there is no paper in the departments showing the order of the president to advance money to the marshal, but the order of a head of a department is to be considered as the order of the president. It was in fact made by the secretary of the treasury, whose acts must be presumed to be lawful until the contrary appears. The marshal is clearly a disbursing officer. It could never be expected that he should himself advance all the expenses of holding the courts in the district, and the uniform practice, ever since the commencement of the government, has been to advance money to the respective marshals, to be accounted for at the treasury.

THE COURT (nem. con.) was of opinion that the order of the secretary of the treasury may be presumed to be under the special direction of the president; that the advance was legally made, and that the sureties were liable.

THE COURT also (nem. con.) decided that the marshal and his sureties were liable on his bond, for all common-law fines and forfeitures received by him, whether upon execution or without execution. See the Maryland law of 1795, c. 74, and the act of congress of March 3d, 1801 (2 Stat. 103).

THE COURT also decided that the marshal was not liable upon his bond, for writs of fi. fa. paid into his hands against persons who had goods, &c. sufficient, &c.; and writs of ca. sa. against persons able to pay; the executions not having been returned.

THE COURT also decided, that the defendant is not liable in this action for the escape of persons taken and in custody on ca. sa. for fines, &c., whether prayed in commitment in execution or not.

Verdict and judgment for the plaintiff.

Both parties took bills of exception.

[A writ of error was sued out from the supreme court, where the judgment of this court was affirmed. 1 How. (42 U. S.) 290.]